**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

HILARIO CHAVEZ,

Plaintiff,

vs. No. CIV 25-0729 JB/LF

THE SANTA FE PUBLIC SCHOOLS BOARD OF EDUCATION, CARMEN GONZALES in her official capacity, SARAH BOSES in her official capacity, KATE NOBLE in her official capacity, ROMAN ABEYTA in his official capacity, LYNN HEFFRON in his official capacity, and TONY ORTIZ in his official and individual capacities,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) Defendant Santa Fe Public Schools' Board of Education's Amended Motion to Dismiss Plaintiff's Amended Complaint, filed September 5, 2025 (Doc. 16)("SF Schools' Motion to Dismiss"); and (ii) Defendant Tony Ortiz' Partial Motion to Dismiss Plaintiff's Amended Complaint Against Him In Official Capacity, filed November 5, 2025 (Doc. 38)("Ortiz' Motion to Dismiss"). The Court holds a hearing on February 26, 2026. See Clerk's Minutes at 1, filed February 26, 2026 (Doc. 50). The primary issues are: (i) whether Plaintiff Hilario Chavez states a plausible claim for relief under 42 U.S.C. § 1983 and a plausible breach of contract claim when, according to Defendant Santa Fe Public Schools Board of Education ("SF Schools"), Chavez fails to allege a deliberate deprivation of Chavez' Constitutional rights; and (ii) whether the Court should dismiss the claims against Defendant Tony Ortiz in his official capacity, because Chavez names SF Schools in the suit. The Court concludes that: (i) Chavez states a plausible claim for relief under § 1983 and a plausible breach-of-contract claim, because he adequately pleads a constructive discharge claim; and (ii) the Court dismisses the

claims against Ortiz in his official capacity, because the properly named defendant in an official capacity suit is the governmental entity, in this case SF Schools.

## ANALYSIS

The Court addresses each motion in turn. First, the Court denies the SF Schools' Motion to Dismiss, because Chavez adequately pleads a constructive discharge claim. Second, the Court grants the Ortiz Motion to Dismiss, because the properly named defendant in an official capacity suit is the government entity.

### I. THE COURT DENIES THE SF SCHOOLS' MOTION TO DISMISS.

In the SF Schools' Motion to Dismiss, SF Schools argues that Chavez fails to state a claim for relief under § 1983 and fails to state a breach-of-contract claim, because Chavez does not "allege that he was fired or disciplined, and he does not plausibly allege that he was constructively discharged." SF Schools' Motion to Dismiss at 2. The Court disagrees that Chavez has not plausibly alleged constructive discharge.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). A court also may consider documents to which the complaint refers, if their adequacy is central to the plaintiffs' claims and their authenticity is unquestioned. See Armstrong v. N.M. Disability Det. Servs., 278 F. Supp. 3d 1193, 1201 n.3 (D.N.M. 2017)(Browning, J.)(concluding that the court properly considers notices attached to the motion and not to the complaint, because the complaint references them, their adequacy is central to the plaintiffs' claims, and their authenticity was unquestioned). See also GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997)(Kelly, J.)("[I]f a plaintiff does not

incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered . . . .").

A complaint's sufficiency is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (quoting Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))). At the motion-to-dismiss stage, the court does not weigh the evidence, and "is interested only in whether it has jurisdiction and whether the Plaintiffs plead a claim to relief that is plausible on its face." Begay v. Pub. Serv. Co. of N.M., 710 F. Supp. 2d 1161, 1199 (D.N.M. 2010)(Browning, J.).

SF Schools argues that Chavez is unable to state a plausible claim under § 1983 or for breach of contract, because Chavez does not plausibly plead constructive discharge. See SF Schools' Motion to Dismiss at 4. According to SF Schools, Chavez' failure plausibly to plead constructive discharge is fatal to his § 1983 claim, because SF Schools does not deny him a property right given that Chavez resigns before the SF Schools Board takes any action. See SF Schools' Motion to Dismiss at 6. As for the breach-of-contract claim, SF Schools argues that Chavez' failure plausibly to plead constructive discharge is also fatal to his breach-of-contract claim, because Chavez "does not claim that the Board terminated his contract before the term was

to expire; instead, [Chavez] resigned on February 20, 2025." SF Schools' Motion to Dismiss at 11. Essentially, SF Schools premises both arguments on the assertion that SF Schools does not constructively discharge Chavez, a fact that the Court concludes Chavez plausibly alleges.

"Constructive discharge occurs when an employer unlawfully creates working conditions so intolerable that a reasonable person in the employee's position would feel forced to resign." Lockheed Martin Corp. v. Administrative Review Bd., 717 F.3d 1121, 1133 (10th Cir. 2013). Constrictive discharge satisfies the requirement for an adverse employment action. See Fischer v. Forestwood Co., Inc., 525 F.3d 972, 980 (10th Cir. 2008). Thus, "a mere signed statement that a resignation is voluntary . . . does not relieve an employer of the consequences of an act amounting to constructive discharge." Cejka v. Vectrus Systems Corporation, 350 F. Supp. 3d 967, 974 (D. Colo. 2018). Although this intolerability standard in constructive discharge cases is high, this case is still at the pleading stage. As discussed above, when considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint. Here, Chavez includes sufficient factual allegations that SF Schools constructively discharges him.

In December 2024, Chavez receives a call from Ortiz in which Ortiz informs Chavez that he is the subject of a complaint made by an employee within Santa Fe Public Schools asserting that Chavez engages in harassing communications with her. See First Amended Complaint ¶ 12, at 2, filed August 22, 2025 (Doc. 6)("FAC"). Chavez alleges that, on February 20, 2025, the President of the SF Schools Board, Roman Abeyta, tells Chavez that Chavez has two choices -- to resign or that SF Schools will terminate him. See FAC ¶ 29, at 6. Chavez alleges that Abeyta also tells Chavez that the other board members are feeling political pressure concerning the allegations that the employee is making against Chavez, and that those board members also agree that Chavez either can resign or that SF Schools will terminate Chavez. See FAC ¶ 29, at 6. Chavez alleges that, faced with those options, he submits his resignation from the position of Superintendent of

the school district later that day. See FAC ¶ 30, at 6. The Court therefore concludes that Chavez states a claim for constructive discharge. See Farrell v. Butler Transport, Inc., 640 F. Supp. 3d 1077, 1084 (D. Kan. November 9, 2022)("[E]mployers cannot escape by coercing a resignation instead of formally uttering the words 'you're fired.'").

The Court's conclusion that Chavez plausibly alleges constructive discharge undercuts both SF Schools' argument for dismissal of the § 1983 claim and its argument for dismissal of Chavez' breach-of-contract claim. SF Schools' arguments for dismissal of those claims rest on the premise that Chavez voluntarily resigned, and therefore cannot establish the adverse employment action or termination necessary to support his claims. At the pleading stage, however, Chavez' allegations that SF Schools gives him the choice to resign or be terminated, plausibly establish that his resignation is not voluntary. The Court therefore concludes that Chavez plausibly alleges constructive discharge and, consequently, states a claim for relief under § 1983 and a claim for breach-of-contract sufficient to survive the SF Schools' Motion to Dismiss. The Court denies the SF Schools' Motion to Dismiss.

## II. THE COURT GRANTS ORTIZ' MOTION TO DISMISS.

In the FAC, Chavez brings Count I for a violation of § 1983, Count IV for intentional tort, and Count V for prima facie tort against Ortiz in his official capacity. See FAC ¶ 36-72, at 7-11. Ortiz argues that the Court should dismiss these three Counts against him in his official capacity, because official capacity claims are redundant, and the Court may dismiss the official capacity claims when the governmental entity is already a named defendant. See Defendant Tony Ortiz' Reply In Support of His Partial Motion to Dismiss Plaintiff's Amended Complaint Against Him In His Official Capacity at 1-2, filed November 26, 2025 (Doc. 43)("Ortiz Reply"). The Court agrees with Ortiz that the Counts against him in his official capacity are duplicative and may be dismissed.

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985). "As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. at 166. Here, SF Schools -- the government entity -- is a named party. See FAC ¶ 2, at 1. The Court therefore dismisses Counts I, IV, and V against Ortiz in his official capacity, because these Counts are duplicative. See Stevens as Next Friend to D.S. v. Berryhill Board of Education, 710 F. Supp. 3d 1062, 1075 (N.D. Okla. January 2, 2024)("If a governmental entity is already a defendant in a lawsuit, then any official capacity claim against its employees are redundant and may be dismissed."). The Court grants the Ortiz Motion to Dismiss.

**IT IS ORDERED** that: (i) Santa Fe Public Schools' Board of Education's Amended Motion to Dismiss Plaintiff's Amended Complaint, filed September 5, 2025 (Doc. 16), is denied; (ii) Defendant Tony Ortiz's Partial Motion to Dismiss Plaintiff's Amended Complaint Against Him In Official Capacity, filed November 5, 2025 (Doc. 38), is granted; and (iii) Counts I, IV, and V of the First Amended Complaint, filed August 22, 2025 (Doc. 6), are dismissed against Ortiz in his official capacity.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Thomas M. Clark
Clark and Jones, LLC
Santa Fe, New Mexico

--and--

Sam P. Ruyle
Santa Fe, New Mexico

-- and --

Scott Fuqua
Fuqua Law & Policy, P.C.
Santa Fe, New Mexico

*Attorneys for the Plaintiff*

Denis Michelle Chanez
Kateri Garcia West
Patrick A. Coronel
Saiz, Chanez, Sherrell & Kaemper, P.C.
Albuquerque, New Mexico

*Attorneys for the Defendant Santa Fe Public Schools Board of Education*

Samantha Adams
Adams Crow Law Firm
Albuquerque, New Mexico

*Attorneys for the Defendant Tony Ortiz*